IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RONALD LENNON; SUSAN LENNON<br><br>             Plaintiffs,<br>    v.<br><br>STATE FARM FIRE & CASUALTY INSURANCE COMPANY,<br><br>             Defendant. | Civ. No. 1:16-cv-1041-AA<br><br>**OPINION AND ORDER** |

AIKEN, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss (#8). For the reasons set forth below, Defendants' Motion is GRANTED with leave to amend.

### BACKGROUND

For the purposes of this motion, the facts alleged in the Complaint are taken as true. Plaintiffs Ronald and Susan Lennon are a husband and wife. They were the owners of residential real property in Josephine County, Oregon. Plaintiffs' home was subject to a mortgage lien held by a third party. Plaintiffs' home was insured under a policy issued by Defendant State Farm.

On May 25, 2015, Plaintiffs' home was rendered uninhabitable by a fire and most of its contents were destroyed. Within days of the fire, Plaintiffs contacted an agent of Defendant and submitted a claim for the loss. Defendant commenced an investigation. Defendant initially paid $2,500 on the claim, but refused to make any further payment, either to Plaintiffs or to the mortgage-holder for the property. This failure resulted in the loss of the property.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court views well-pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The requirements for pleading a federal claim in federal court were set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). However, a court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

## DISCUSSION

This motion concerns Plaintiffs' claim for "breach of the duty of good-faith and fair-dealing." Plaintiffs allege that Defendant violated the Unfair Claim Settlement Practices Act, ORS 746.230, and that this violation gives rise to the claim.

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995); *Vail v. County Mutual Ins. Co.*, Case No. 2:13-cv-02029-SI, 2016 WL 680534, at *3 (D. Or. Feb. 19, 2016). The duty of good faith and fair dealing requires that each party refrain from acting in a way that will destroy or injure the other party, *Perkins v. Standard Oil Co.*, 235 Or. 7, 16 (1963), or that frustrates or defeats the object of the contract. *Warnock v. Bonneville Gen. Agency, Inc.*, 271 Or. 634, 638 (1975). The good faith doctrine is designed to "effectuate the reasonable contractual expectations of the parties." *Best v. U.S. Nat'l Bank of Oregon*, 303 Or. 557, 563 (1987). However, "[t]he obligation of good faith does not vary the substantive terms of the bargain . . ., nor does it provide a remedy for an unpleasantly motivated act that is expressly permitted by contract[.]" *U.S. Nat'l Bank of Oregon v. Boge*, 311 Or. 550, 567 (1991).

ORS 746.230 prohibits certain conduct by insurers in the settlement of claims. Both parties agree that ORS 746.230 does not does not create a private cause of action. *See Galicia-Orozco v. County Mutual Ins. Co.*, Civ No. 09-1401-AC, 2010 WL 2507528, at *2 (D. Or. June 15, 2010). In this case, as in *Galicia-Orozco*, Plaintiffs assert that they are not alleging a claim under the ORS 746.230, but that conduct prohibited by the statute gives rise to an action for breach of the duty of good faith and fair dealing. In essence, Plaintiffs argue that violations of the ORS 746.230, while not independently actionable, constitute per se evidence of a breach of the contractual duty of good faith and fair dealing.

In *Galicia-Orozco*, Judge Acosta rejected the notion that violations of ORS 746.230 would constitute a per se violation of the duty of good faith, but concluded that the *conduct* underlying an alleged violation might give rise to a claim. *Id.* at *3; *see also Hansen v. Fidelity Nat'l Title Ins. Co.*, No. 03:12-CV-183-HZ, 2012 WL 1605618, at *4 (D. Or. May 8, 2012) (following the reasoning of *Galicia-Orozco*). I find this reasoning persuasive. Viewed in that light, however, Plaintiffs' second claim is insufficiently pleaded. In the first instance, Plaintiffs appear to bring their claim under ORS 746.230, which they concede is not permitted under Oregon law. Furthermore, Plaintiffs' second claim amounts to little more than labels and conclusions, which are not sufficient under *Twombly* and *Iqbal*.

Although Plaintiffs' second claim incorporates the allegations made in support of their first claim, for breach of contract, those allegations do not contain facts to support a claim for breach of the duty of good faith. In their briefing for this motion, Plaintiffs allege that certain actions by Defendant violated specific provisions of ORS 746.230 and might constitute a breach of the implied duty of good faith and fair dealing, but those actions are not clear from the face of the Complaint. For instance, Plaintiffs argue that Defendant failed to acknowledge and act promptly upon communications relating to claims and refused to pay claims without conducting a reasonable investigation based on all available information in contravention of ORS 746.230(b) and (d), but the Complaint does not allege those failures, nor does it plead facts sufficient to support those allegations. On the contrary, the Complaint alleges that Defendant commenced its investigation "almost immediately upon receiving notice," and provides no other factual allegations concerning the nature of communications between the parties or the sufficiency of Defendant's investigation.

Accordingly, I GRANT Defendant's motion to dismiss. Plaintiffs shall have the opportunity to file an amended complaint to more clearly state their claim for breach of the duty of good faith and fair dealing.

## CONCLUSION

Defendant's Motion to Dismiss (#8) is GRANTED. Plaintiffs' claim for breach of the duty of good faith and fair dealing is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.

It is so ORDERED and DATED this 13th day of September 2016.

*Ann Aiken*
ANN AIKEN
District Judge